IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

Mark McPhail,

        Plaintiff,

Case No. 2:22-cv-00137-TLS-APR

Honorable Theresa L. Springmann

The Trustees of Indiana
University, et al.

        Defendants.

# REPORT OF PARTIES' PLANNING MEETING

1. The parties conferred under Fed. R. Civ. P. 26(f) and agreed to this report on July 1, 2022. Rima Kapitan participated for Plaintiff, and Kathleen Anderson participated for Defendants.

2. Jurisdiction.

    The court has jurisdiction under 28 U.S.C. §§ 1331, 1343, and 1367. The parties agree that Plaintiff brings claims pursuant to the Constitution and federal statutes, and that Plaintiff's breach of contract and tort claims stem from the same alleged controversy.

3. Pre-Discovery Disclosures.

    The parties will exchange, *but may not* file, Rule 26(a)(1) information by July 22, 2022.

4. Discovery Plan.

    The parties propose the following discovery plan.

<u>Plaintiff states that he will seek discovery on the following</u>:

1. Indiana University's standard policies and practices with respect to performance evaluation and termination,
2. Plaintiff's job performance and Defendants' evaluation thereof,
3. The events that led to Plaintiff's termination,
4. Plaintiff's protected activity and reactions thereto,
5. The roles of the respective decision-makers regarding Plaintiff's discipline and termination, and
6. Correspondence about Plaintiff and his work performance.

<u>Defendants state that they will seek discovery on the following</u>:

1. The claims set forth in Plaintiff's Complaint,
2. Defendants' defenses to Plaintiff's claims, including affirmative defenses,
3. Plaintiff's alleged damages, and
4. Plaintiff's mitigation (as applicable) of his alleged damages.

<u>Disclosure or discovery of electronically stored information should be handled as follows</u>: After receiving requests for document production and resolving any objections to such requests, the parties shall search their documents and produce responsive documents in accordance with the Federal Rules of Civil Procedure. The parties agree that in responding to documents, and as appropriate, they will meet and confer regarding appropriate search methodologies for relevant and reasonably accessible documents and ESI. The parties will confer and work in good faith to try to resolve any differences.

The scope of discovery or the format of the production of ESI may be limited or modified by Court order upon a showing of good cause or undue burden and expense. Further, depending upon the nature of the data produced, a protective order may be appropriate, as the Court may approve.

<u>Inadvertent Production</u>: Under Rule 26(b)(5)(B), the inadvertent production of

any privileged or otherwise protected ESI or documents shall not be deemed a waiver or impairment of any claim of privilege or protection including but not limited to the attorney-client privilege or work product doctrine immunity, provided that the producing party promptly notifies the receiving party of the inadvertent production. Upon notification, the receiving party shall retrieve and return any such material within a reasonable time, and the receiving party's counsel shall not use such information for any purpose until further order of the Court.  Any analyses, memoranda or notes which were generated based upon such inadvertently produced information shall immediately be treated in conformance with the protected nature of the information.  The producing party must also preserve the information until any dispute regarding the ESI or documents is resolved.  In the interests of economy and swift resolution of any dispute, the scope of the discovery and the form in which ESI is produced may be further limited or modified by agreement by the parties.

Plaintiff requests a discovery completion date of November 1, 2022. Defendants request a discovery completion date of March 3, 2023.

- Maximum of 25 interrogatories by each party to any other party.
- Maximum of 10 depositions by Plaintiffs and 10 (cumulative) by Defendants.  Depositions of the opposing party's expert witnesses or health care providers (as applicable) do not count toward the deposition limitation.
- The above limitations may be modified by the Court upon good cause shown.

The parties must disclose the identity of any Rule 26(a)(2) witness and the witness's written report (if applicable) by:

- December 1, 2022 for a party's Rule 26(a)(2) disclosures; and

- January 6, 2023 for rebuttal expert disclosures (responsive to the opposing party's identified experts, if any).

Rule 26(a) disclosures shall be timely supplemented according to Rule 26(e).

5. Other Items.

The last date the parties may seek permission to join additional parties and to amend the pleadings is September 4, 2022 if the Court accepts Plaintiff's proposed discovery deadline and November 30, 2022 if the Court accepts Defendants' proposed fact discovery deadline.

Any motion for summary judgment will be filed within 45 days after the closure of discovery. Responses are due 30 days thereafter, and replies are due 15 days thereafter.

The time to file Rule 26(a)(3) pretrial disclosures will be governed by separate order.

Plaintiff thinks the case should be ready for jury trial by April 3, 2023. Defendants think the case should be ready for jury trial by October 2, 2023. At this time trial is expected to take approximately 5 days.

At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial and entry of judgment.

6. Alternative Dispute Resolution.

Plaintiff does not think alternative dispute resolution is appropriate at this time but is open to revisiting alternative dispute resolution after the parties have had a chance to exchange written discovery. Defendants are willing to have a direct dialogue with Plaintiff's counsel and engage in alternative dispute resolution at the early stages of this case or any other time.

Date: July 1, 2022

| /s/ Rima N. Kapitan | /s/ Kathleen M. Anderson |
|---|---|
| Kapitan Gomaa Law, P.C.<br>Rima N. Kapitan (IL Atty No. 6286541)<br>rima@kapitangomaa.com<br>P.O. Box 6779<br>Chicago, Illinois 60680<br>Phone: (312) 566-9590<br><br>Christopher S. Stake (#27356-53)<br>cstake@delaneylaw.net<br>Delaney & Delaney LLC<br>3646 Washington Blvd.<br>Indianapolis, IN 46205<br>Phone: (317) 920-0400<br><br>Counsel for Plaintiff | BARNES & THORNBURG LLP<br><br>Kathleen M. Anderson (#16351-92)<br>Kathleen.Anderson@btlaw.com<br>888 South Harrison Street, Suite 600<br>Fort Wayne, IN 46802<br>Telephone:  (260) 423-9440<br>Facsimile:  (260) 424-8316<br><br>V. Chisara Ezie-Boncoeur (#37251-71)<br>cezie@btlaw.com<br>201 S. Main Street South Bend, IN 46204<br>Telephone: 574-233-1171<br>Facsimile: 574-237-1125<br><br>Counsel for Defendants |

5