UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARK MCPHAIL,              ) | |
| )  | |
| Plaintiff,     ) | |
| ) | |
| v.                          ) | Case No. 2:22-cv-137 |
| ) | |
| THE TRUSTEES OF INDIANA     ) | |
| UNIVERSITY, *et al.*,       ) | |
| ) | |
| Defendants.   ) | |

**OPINION AND ORDER**

This matter is before the court on the Motion for Protective Order [DE 25] filed by the plaintiff, Mark McPhail, on December 19, 2023, which seeks to bar the defendants, The Trustees of Indiana University, from issuing subpoenas to the plaintiff's former employers. For the following reasons, the Motion for Protective Order is **GRANTED**.

*Background*

The plaintiff, Mark McPhail, initiated this lawsuit on April 18, 2022, in Indiana state court alleging that the defendants, The Trustees of Indiana University, violated both state and federal law when they terminated McPhail's employment as a tenured professor at Indiana University Northwest. The plaintiff alleges that the defendants violated his rights under the Civil Rights Act of 1866, 42 U.S.C. § 1981, *et seq.*, procedural due process under 42 U.S.C. § 1983, *et seq.*, *inter alia*, and various state law claims. The defendants removed this case to federal court on May 18, 2022.

During discovery, a dispute arose regarding the defendants' intention to subpoena the plaintiff's comprehensive personnel files from McPhail's employers predating his professorship

at Indiana University Northwest in 2015.[1] The parties were unable to amicably resolve their dispute, and the plaintiff filed the instant motion [DE 25] on December 19, 2023, asking the court to grant a protective order to bar the defendants from issuing the subpoenas to his two former employers. The defendants filed a response in opposition to this motion [DE 28] on January 5, 2023, and on January 11, 2023, the plaintiff filed his reply [DE 29] in support of his motion.

*Discussion*

A party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things." **Federal Rule of Civil Procedure 26(b)(1)**. For discovery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." ***Chavez v. DaimlerChrysler Corp.***, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d 253 (1978)). When a discovery request is facially relevant, the party opposing the request is burdened with establishing lack of relevance or that "the likelihood of discovering relevant evidence is so minimal that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." ***Close Armstrong LLC v. Trunkline Gas Co., LLC***, No. 3:18-CV-270-PPS-MGG, 2021 WL 1207592, at *2 (N.D. Ind. Mar. 31, 2021). In doing so, it is not sufficient to repeat the "reflexive invocation ... that the requested discovery ... is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Id.* (quoting ***Cunningham v. Smithkline Beecham***, 255 F.R.D. 474, 478 (N.D. Ind. 2009)). Rather,

---

[1] The plaintiff's pervious employers that the defendants seek to subpoena are the University of Wisconsin-Whitewater and Southern Methodist University.

the objecting party must show, with specificity, that the request is improper. *Close Armstrong LLC*, 2021 WL 1207592, at *1 (citing *Graham v. Casey's Gen. Stores*, 206 F.R.D. 251, 254, 2002 WL 416949 (S.D. Ind. 2002)). However, if relevance is not apparent, the requesting party must show the relevancy of the request. *Id.* In the end, "[i]f relevance is in doubt, courts should err on the side of permissive discovery." *Axis Ins. Co. v. Am. Specialty Ins. & Risk Servs., Inc.*, No. 119CV00165DRLSLC, 2021 WL 2910814, at *10 (N.D. Ind. July 12, 2021), aff'd, 340 F.R.D. 570 (N.D. Ind. 2021).

In other words, "discovery rules are not a ticket ... to an unlimited, never-ending exploration of every conceivable matter that captures an attorney's interest." *Uppal v. Rosalind Franklin Univ. of Med. & Sci.*, 124 F. Supp. 3d 811, 814 (N.D. Ill. 2015). Where discovery would subject a party to "annoyance, embarrassment, oppression, or undue burden or expense," the court may, in its sound discretion and for good cause, issue a protective order forbidding or circumscribing the requested discovery. *Id.* 26(c)(1); *see* **Patterson v. Avery Dennison Corp.**, 281 F.3d 676, 681 (7th Cir. 2002) ("District courts have broad discretion in matters relating to discovery."). "Before restricting discovery," the Seventh Circuit has directed the court to "consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it, and taking into account society's interest in furthering the truthseeking function in the particular case before the court." *Patterson*, 281 F.3d at 681.

A party may move for a protective order in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ...." **Rule 26(c)(1)**. The party requesting the protective order carries the burden of demonstrating good cause, and the moving party can satisfy that burden by showing some plainly adequate reason for the order. **Charles Alan Wright & Arthur R. Miller,** *Federal Practice and Procedure § 2035* (3d

3

ed.1998). *See also* **Gregg v. Local 305 IBEW**, 2009 WL 1325103, *8 (N.D. Ind. May 13, 2009) ("The burden rests upon the objecting party to show why a particular discovery request is improper." (*citing* **Kodish v. Oakbrook Terrace Fire Protection Dist.**, 235 F.R.D. 447, 449–50 (N.D.Ill.2006)); **McGrath v. Everest National Ins. Co.**, 2009 WL 1325405, *3 (N.D. Ind. May 13, 2009); **Carlson Restaurants Worldwide, Inc. v. Hammond Professional Cleaning Services**, 2009 WL 692224, *5 (N.D. Ind. March 12, 2009)). Specific factual demonstrations are required to establish that a particular discovery request is improper and that good cause exists for issuing the order. *See* **Felling v. Knight**, 211 F.R.D. 552, 554 (S.D.Ind.2003) ("To establish good cause a party must submit 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'") (quoting **Wilson v. Olathe Bank**, 184 F.R.D. 395, 397 (D.Kan.1999) (quoting **Gulf Oil Co. v. Bernard**, 452 U.S. 89, 102 n. 16, 101 S. Ct. 2193, 68 L.Ed.2d 693 (1981)). *See also* **Harrisonville Telephone Co. v. Ill. Commerce Comm'n**, 472 F.Supp.2d 1071, 1078 (S.D.Ill.2006) (stating that in order to establish good cause, the movant must rely on particular and specific demonstrations of fact, rather than conclusory statements).

In the instant case, the plaintiff argues, *inter alia*, that the documents sought by the defendants are irrelevant to any of the claims or defenses in this case. Additionally, the plaintiff contends that he has a privacy interest in his comprehensive personnel records the defendants seek to obtain. The plaintiff asserts that his previous employment history has nothing to do with the circumstances or events resulting in his subsequent termination by the defendants. *See* **Woods v. Fresenius Med. Care Group of N. America**, 2008 WL 151836, *1–2 (S.D. Ind. Jan.16, 2008) (explaining that the plaintiff does not put his entire work history at issue by filing a charge with the EEOC); **EEOC v. Simply Storage Management, Inc.**, 270 F.R.D. 430, 437 (S.D.Ind.2010). Consequently, the defendants must show a specific reason for demanding information of past

4

employment and demonstrate why the information is relevant to the case at hand. **Woods**, 2008 WL 151836 at *1. Otherwise, the information is irrelevant and outside the scope of discovery.

In response, the defendants make the argument that the subpoenas to the plaintiff's past two employers should be permitted because they seek to obtain discoverable information that is relevant and proportional to the needs of the case. Specifically, the defendants argue that the information sought from the plaintiff's past two employers could help them assess the plaintiff's alleged damages. The defendants contend that records pertaining to past employment are generally relevant in employment discrimination cases. *Citing* **Beverly v. Depuy Orthopaedics, Inc.**, No. 3:07-CV-137 AS, 2008 WL 45357 at *1 (N.D. Ind. Jan. 2, 2008) (where the court held that if the plaintiff had a history of filing discrimination complaints against his employers, "that fact is relevant to the credibility of his claims as well as his motive for filing this lawsuit.").

The defendants' reliance on **Beverly** is misplaced. In **Beverly**, the plaintiff refused to answer the defendants' requests for productions concerning whether he filed discrimination complaints against his previous employers, arguing that such information was not relevant. **Beverly**, 2008 WL 45357, at *4 (N.D. IN, 2008). The court found that if "[the plaintiff] has a history of filing discrimination complaints against his employers, that fact is relevant to the credibility of his claims as well as his motive for filing this lawsuit." *Id.* Importantly, the court concluded that the defendant in **Beverly** "sufficiently articulated how the documents from requests for production" were relevant to the issues in the case and could possibly lead to relevant evidence. *Id.*

By contrast, in the present case the defendants fail to show a logical connection between the plaintiff's comprehensive work history at his past two employers, extending over a decade ago, and his subsequent termination at Indiana University Northwest. Indiana University

Northwest reviewed the plaintiff's past employment history at the time of his hiring in 2015. Notably, the university found that the plaintiff was worthy of employment at the time and hired McPhail at the highest academic rank. Moreover, McPhail asserts that he has neither filed any discrimination complaints with, nor been disciplined by, his former employers that the defendants wish to subpoena. It is unclear what novel information the defendants hope to obtain from employment records spanning over a decade ago and how such records are relevant to the issues at hand.

Based on the foregoing, the Motion for Protective Order [DE 25] filed by the plaintiff on December 19, 2022, is **GRANTED**.

ENTERED this 26th day of January, 2023.

/s/ Andrew P. Rodovich
United States Magistrate Judge